**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

IN THE MATTER OF:

INVESTIGATION OF MAINE
CORRECTIONAL CENTER          CRIPA SUBPOENA No. 2026-01

Pursuant to the Civil Rights of
Institutionalized Persons Act, 42 U.S.C.
§ 1997, *et seq*.

**MAINE DEPARTMENT OF CORRECTIONS' COMBINED MOTION TO QUASH**
**SUBPOENA AND FOR CONFIDENTIALITY ORDER**

The Maine Department of Corrections ("MDOC"), by and through undersigned counsel, hereby moves to quash a subpoena, attached as Exhibit A, that was issued by the United States Department of Justice ("USDOJ') on June 15, 2026, pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997a-1.  MDOC requests that the subpoena be quashed pursuant to F.R. Civ. P. 45(d) because the subpoenaed records are confidential under Maine law.  In the alternative, MDOC requests the Court issue a confidentiality order in this matter, allowing for disclosure of the requested records. MDOC has attached a proposed confidentiality order as Exhibit B.

**FACTUAL BACKGROUND**

On March 26, 2026, the USDOJ notified Maine's Governor that it was initiating an investigation under CRIPA into the Maine Correctional Center in Windham, Maine.  The Maine Correctional Center is a facility operated by MDOC.  On June 15, 2026, as part of its investigation, USDOJ issued an administrative subpoena (Exhibit A) to MDOC seeking records pertaining to

1

people receiving services from MDOC.  It is possible that USDOJ will seek additional records from MDOC as the investigation progresses.

**MOTION TO QUASH**

MDOC does not contest that CRIPA authorizes USDOJ to issue administrative subpoenas. Under CRIPA, USDOJ may require by subpoena access to any institution that is the subject of a CRIPA investigation and to "any document, record, material, file, report, memorandum, policy, procedure, investigation, video or audio recording, or quality assurance report" relating to any institution that is the subject of a CRIPA investigation "to determine whether there are conditions which deprive persons residing in or confined to the institution of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."  42 U.S.C. § 1997a-1(a).  The statute also provides for judicial enforcement of subpoenas issued under CRIPA.  42 U.S.C. § 1997a-1(b)(2).  In cases of contumacy or failure to obey a CRIPA subpoena, the United States district court for the judicial district in which the institution is located may issue an order requiring compliance.  *Id.*

Under Maine law, however, MDOC is prohibited from sharing the subpoenaed records absent a court order.  Maine statute makes confidential and prohibits the disclosure of "orders of commitment, medical and administrative records, applications and reports, and facts contained in them, pertaining to any person receiving services from the department."  34-A M.R.S. § 1216(1). The statute includes exceptions authorizing disclosure of such records in limited circumstances, including when MDOC is "ordered by a court of record" to do so.  34-A M.R.S. § 1216(1)(C).

Pursuant to Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure, on a timely motion the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Because Maine law makes the material

2

subpoenaed by USDOJ as part of its CRIPA investigation confidential, MDOC respectfully asserts that compliance would be unreasonable absent a court order. Accordingly, MDOC moves to quash the subpoena, or in the alternative seeks an order from this Court to permit the production of records to USDOJ, while maintaining crucial confidentiality protections, in response to the June 15, 2026, subpoena and in response to future subpoenas or requests for records within the scope of this CRIPA investigation. MDOC seeks this order, without limiting MDOC's right to object to any future document request or subpoena on any permissible ground. Absent a Court order, MDOC is prohibited under Maine law from disclosing the records, and requests USDOJ's subpoena be quashed.

## MOTION FOR CONFIDENTIALITY ORDER

Because MDOC may disclose the records requested by USDOJ if ordered by a Court of record, *see* 34-A M.R.S. § 1216(1)(C), it requests the Court enter a confidentiality order allowing MDOC to do so, while ensuring those records are subject to appropriate protections. While MDOC and USDOJ have discussed the entry of a confidentiality order, no agreement was achieved before issuance of the subpoena. In compliance with Local Rule 26(d), MDOC states that the proposed confidentiality order (Exhibit B) comports with the Form Confidentiality Order in Appendix II of the Local Rules except for the following:

Beginning in paragraph (1) and throughout, MDOC has included references to CRIPA because the proposed confidentiality order is requested in response to a subpoena and in the context of USDOJ's CRIPA investigation, rather than in the context of ligation in this District. Also in paragraph (1), MDOC modified the language to remove reference to "representations of the parties."

3

In paragraph (3), MDOC has edited the categories of information considered confidential to reflect the categories of confidential information requested under USDOJ's CRIPA subpoena, or other confidential information that may be requested in future document requests or subpoenas related to its investigation into the Maine Correctional Center.

MDOC has added a new paragraph (4), in which the Court would authorize the disclosure of confidential information under Maine law, including information protected under 34-A M.R.S. § 1216, as well as 16 M.R.S. § 805-A(1)(E) and 16 M.R.S. § 705(1)(B). The "Form and Timing of Designation" section has therefore been moved to paragraph (5), and reflects MDOC's preferred form of designation. Similarly, paragraph (6) now concerns "Inadvertent Production" and creates a seven (7) day window for a disclosing party to notify the receiving party of an inadvertent disclosure, and to request the return of material inadvertently produced.

MDOC has removed the original paragraph (6), pertaining to "Depositions" from its proposed confidentiality order because it does not anticipate depositions occurring during this CRIPA investigation.

MDOC has edited paragraph (7), pertaining to "Protection of Confidential Information" to specify the level of protection of confidential information sought. This paragraph includes protections already specified in CRIPA for materials the USDOJ receives via subpoena. Additionally, given both parties to the proposed order are government agencies, it specifies that confidential information produced must not be disclosed for purposes other than for USDOJ's investigation, and requiring USDOJ to assert all available grounds for non-disclosure, should the information be demanded by subpoena, under the Freedom of Information Act ("FOIA"), or in any other context. Given the potential that materials produced to USDOJ are demanded by third-parties under federal law, paragraph (7) establishes a procedure by which USDOJ will notify

MDOC of any such demands so that it may seek appropriate relief. Finally, paragraph (7) establishes a method for concealing confidential MDOC client information, should it be referenced in any publicly available reports.

Paragraph (8) has been edited to limit the people able to receive confidential information, given that this order is sought in the context of a CRIPA investigation rather than in litigation in this District.

Paragraph (10) is edited to specify that unauthorized disclosers are reported to the party that produced the information within seven (7) days of discovering the disclosure. Paragraph (11) has been edited to specify the procedure requested, including the expectation that parties file move to seal documents or file redacted documents to protect confidential information, should a party seek to use said information in future court filings.

MDOC's proposed order removes the original paragraph (12) because it is inapplicable in the context of USDOJ's CRIPA investigation. Instead, paragraph (12) now pertains to "Challenges to Confidential Designations" and provides a process by which parties may negotiate challenges to confidential designations prior to seeking Court involvement.

MDOC's proposed order removes the paragraph in the form confidentiality order pertaining to "Use of Confidential Information at Trial" (paragraph (15)) because a trial is not anticipated as part of the USDOJ's CRIPA investigation. MDOC's proposed order alters the section pertaining to "Obligations on Conclusion of Litigation" (proposed order paragraph (14)) to apply to a CRIPA investigation and remove language more appropriate in the context of litigation.

**Conclusion**

For the reasons above, MDOC respectfully requests that the Court either 1) quash USDOJ's subpoena, or 2) enter the proposed confidentiality order allowing MDOC to disclose documents otherwise confidential under Maine law, while maintaining appropriate protections for MDOC client information.

DATED:  June 29, 2026                        AARON M. FREY
                                             Attorney General


                                             /s/ Lauren LaRochelle
                                             Lauren LaRochelle
                                             Assistant Attorneys General
                                             6 State House Station
                                             Augusta, Maine 04333-0006
                                             (207) 626-8800
                                             Lauren.larochelle@maine.gov

                                             /s/ Alexander Beals
                                             Alexander M. Beals
                                             Assistant Attorneys General
                                             6 State House Station
                                             Augusta, Maine 04333-0006
                                             (207) 626-8800
                                             alexander.m.beals@maine.gov
                                             *Attorneys for MDOC*


**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I electronically filed **MAINE DEPARTMENT OF CORRECTIONS' COMBINED MOTION TO QUASH SUBPOENA AND FOR CONFIDENTIALITY ORDER** by emailing it to maineecfintake@med.uscourts.gov.  In addition, I hereby certify that on the date indicated below, I served a copy of the above-referenced document on the USDOJ by email to:

      Kyle Smiddie
      Attorney, Special Litigation Division
      Civil Rights Division
      United States Department of Justice
      Kyle.Smiddie@usdoj.gov

6

Dated at Augusta, Maine this 29th day of June 2026.

/s/ Lauren LaRochelle
Lauren LaRochelle
Assistant Attorneys General
6 State House Station
Augusta, Maine 04333-0006
(207) 626-8800
Lauren.larochelle@maine.gov