**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

---

**IN THE MATTER OF:**

**INVESTIGATION OF MAINE CORRECTIONAL CENTER**

Pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, *et seq.*

**CRIPA SUBPOENA No. 2026-01**

---

**Confidentiality Order**

A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court.

Accordingly, it is ORDERED:

1. **Scope and Purpose.** This Order is for the purpose of facilitating the exchange of materials required by an investigation being conducted by the Civil Rights Division of the U.S. Department of Justice and the U.S. Attorney's Office for the District of Maine (collectively, "USDOJ"),[1] focused on whether the Maine Correctional Center, a facility run by the Maine Department of Corrections

---

[1] As used throughout this Order, the term "USDOJ" shall include all USDOJ employees, contractors, consultants, and putative expert witnesses retained by USDOJ.

("MDOC"), is failing to protect female residents from a transgender resident (the "Investigation"). This Investigation has been initiated pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997. USDOJ seeks several categories of documents[2] as part of its Investigation, including documents in the possession of MDOC.

The parties acknowledge that, under 42 U.S.C. § 1997a-1, the USDOJ "may require by subpoena access to any institution that is the subject of an investigation under [42 U.S.C. § 1997a] and to any document, record, material, file, report, memorandum, policy, procedure, investigation, video or audio recording, or quality assurance report relating to any institution that is the subject" of the Investigation "to determine whether there are conditions which deprive persons residing in or confined to the institution of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." *See also* 42 U.S.C. § 1997a-1(c) (setting forth protections from disclosure of records and information). Subject to this Order, and without waiving any applicable rights or privileges, MDOC will produce to USDOJ certain documents and other information sought in the Investigation.

**2. Service of Order to Third Parties.** This Order must be served on any third party with any subpoena served in this matter.

**3. Definition of Confidential Information.** Confidential information is

---

[2] For purposes of this Agreement, "Document(s)" means any physical or electronically stored writing or record of any type or description.

information, documents, or materials that a party believes in good faith is protected from disclosure by law or that should be protected from disclosure as confidential because it is likely to be detrimental if disclosed. Such documents include, but are not limited to, those containing any personally identifiable information, such as names, addresses, birth dates, social security numbers, account numbers, photographs, employment records, financial records, MDOC client records, and medical or mental health information.  Confidential documents or materials also include investigative files, memorandums, records and intelligence files, including but not limited to, any and all Prison Rape Elimination Act ("PREA") investigative files and associated documentation, including confidential memoranda.  Confidential documents may also include any non-public policies, procedures, maps, operations manuals, diagrams, blueprints, reports, and all other records containing information that could be used by an offender or any other person to circumvent the safety or security of a facility, facilitate the introduction of contraband into a facility, engage in any criminal activity, or attempt to escape from a facility. Information that is publicly available is not confidential. The designation of information as confidential does not mean that the information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4.    **Information Confidential Under Maine Law**. This Order, in accordance with 34-A M.R.S. § 1216, as well as 16 M.R.S. § 805-A(1)(E) and 16 M.R.S. § 705(1)(B), grants express authorization to the parties' attorneys to disclose (a) confidential MDOC client records, including but not limited to orders of commitment,

medical and administrative records, applications and reports, and facts contained in them that are confidential pursuant to 34-A M.R.S. § 1216; (b) intelligence and investigative record information that is confidential pursuant to 16 M.R.S. 804; and (c) criminal history record information that is confidential pursuant to 16 M.R.S. § 705 ("confidential criminal-justice information'), to the extent such information is relevant to the Investigation.

The disclosing party may, in its discretion, designate such information CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms and conditions of this Order. Nothing in this Paragraph limits the right of any party to object to any document request or subpoena on any permissible ground, including on the ground that the requested record or information contains confidential information that should be given a higher level of protection than is available under this Order.

**5.      Form and Timing of Designation.** A party may designate documents as Confidential Information and restricted from disclosure under this Order when they are produced by marking them "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the information. Information should be designated confidential before or at the time of the production or disclosure of the information.

**6.      Inadvertent Production.** Information inadvertently produced without a confidentiality designation must be designated as soon as practicable after the inadvertent disclosure, but no later than seven (7) calendar days after the disclosing party discovers an inadvertent disclosure. Information designated as

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER will be treated as confidential from the date written notice of the designation is provided to the receiving party. Inadvertent production alone will not constitute a waiver of the confidentiality designation. If the producing person notifies all parties that confidential information was inadvertently produced, all materials, documents, and information so designated shall be subject to this Order, and the receiving party shall notify any non-party to whom disclosure was made, and request that the non-party return or destroy the information.

7. **Protection of Confidential Information.** Confidential Information shall be treated in a manner that prevents access by any person or entity not entitled to access that information under this Order, and must not be used or disclosed for any purpose other than to conduct the Investigation. With respect to documents produced by MDOC to USDOJ, USDOJ shall adhere to the requirements of applicable federal law and regulations, including CRIPA, the Health Insurance Portability and Accountability Act ("HIPAA"), the Freedom of Information Act, ("FOIA"), 5 U.S.C. § 552, and the Department of Justice "Touhy" regulations, 28 C.F.R. § 16.21. Any Confidential Information obtained by USDOJ during its investigation may not be used or transmitted by or within the Department of Justice for any purpose other than to protect the rights, privileges, or immunities secured or protected by the Constitution of laws of the United States of persons who reside, have resided, or will reside in an institution, and which are the subject of the Investigation, and shall not be provided to the media or any body outside of the DOJ other than to a Court.

In the event a subpoena or other demand is served on USDOJ seeking documents or information provided to USDOJ by MDOC, USDOJ will assert all applicable grounds for non-disclosure, including those in 28 C.F.R. § 16.26(b). In the event USDOJ receives a FOIA request for documents provided to USDOJ by MDOC, USDOJ agrees to assert all applicable exemptions and exclusions in protecting the materials from disclosure, including 5 U.S.C. § 552(b)(2), (4) through (7), and (c)(1) and (2). If USDOJ determines that the production of documents is required under FOIA, a subpoena, or a court order, USDOJ shall timely notify MDOC in writing and shall allow MDOC no less than ten (10) business days to seek appropriate relief or protection from the proper court.

To the extent USDOJ uses, copies, or excerpts from Confidential Information under this Order in a publicly available manner, such as in USDOJ's final public Investigation findings, or in filings that relate to or result from the Investigation, USDOJ shall redact, obscure, or otherwise alter said information to prevent the disclosure of any Confidential Information. To the extent MDOC clients are referenced in the USDOJ's final public Investigation findings or in filings that relate to or result from the Investigation, USDOJ shall avoid referencing those clients by name, initials, birth-date, MDOC client number, or other identifying characteristics. MDOC clients referenced by USDOJ in any publicly available form shall be referred to as "Resident 1", "Resident 2", "Resident 3", et seq.

8.     **Disclosure of Confidential Information.** Confidential Information may only be disclosed to the following people and only as specifically needed for the

purposes of this Investigation:

> (a)    counsel, including necessary employees;
>
> (b)    consultants, experts, and contractors;
>
> (c)    witnesses or others by written consent of the affected parties.

To the extent Confidential Information is made available for inspection to the individuals above during the course of the Investigation, MDOC need not designate them for protection until after the USDOJ has indicated which material(s) it would like copied and produced. During an inspection but prior to designation, all materials made available for inspection shall be deemed Confidential Information under this Order. After documents have been identified and production is requested, MDOC must determine which documents qualify for protection under this Order and affix the appropriate "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" label before producing the documents.

**9.    Acknowledgement Required.** If Confidential Information is disclosed to witnesses, contractors, consultants, experts, or others by written consent, each of the individuals must be advised that the information is confidential and must sign Exhibit A.

**10.    Unauthorized Disclosure.** If counsel or any party learns of an unauthorized disclosure of Confidential Information, that individual must promptly, and no later than seven (7) days after discovering the unauthorized disclosure, report the disclosure in writing to the party that produced the information and take steps to retrieve the information and remedy any harm caused by the disclosure.

11.    **Procedures for Filing Confidential Information.** Should a party seek to use information designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in any court proceeding, that party first shall make the necessary motions and filings, such as moving to seal documents, filing redacted documents, or moving to close the courtroom, to prevent disclosure of Confidential information to the public. This Order does not itself authorize the sealing of Confidential Information without Court approval. Parties wishing to file Confidential Information under seal must follow the procedures in Local Rule 5.2(a).

12.    **Challenges to Confidential Designations.** In the event a party to this Order concludes that any documents or materials identified as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER should not be designated as such, the contesting party agrees that it shall not disclose any such documents or materials or otherwise handle such documents or materials in a manner inconsistent with this Order unless and until it provides the disclosing party ten (10) calendar days' notice and allows the disclosing party a meaningful opportunity to respond and/or seek a protective order prior to any such disclosure.  If a party files a motion for a protective order, the Confidentiality designation and protections will remain in full force and effect until either a court enters a protective order or orders disclosure, or the parties reach agreement.

13.    **Action by the Court.** Applications to the Court for orders relating to Confidential Information must be made by motion under Local Rule 7.

14.    **Obligations on Conclusion of Investigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order will remain in force upon conclusion of the Investigation.

(b) **Return or Destruction of Confidential Information.** Within 60 days after the conclusion of the Investigation or any resulting proceedings, the receiving party must either (i) return the Confidential Information or (ii) destroy the Confidential Information and certify to the producing party that it was destroyed. The parties are entitled to retain copies of all legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Such materials retained by counsel that contain or constitute Confidential Information remain subject to this Order.

15. **No Judicial Determination.** This Order is not a judicial determination that any documents or information designated confidential are subject to protection under any statute or rule. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

16. **Non-Waiver of Privilege or Protection and Inadvertent Disclosure.** Nothing in this Order waives or limits any applicable privilege, work product, or other protection, including confidential business information or personal identifying information, or limits the ability of a party to seek relief for inadvertent disclosure of information protected by privilege, work product, or other protection.

17. **Attorney-Client Privilege.** This Order will be interpreted to provide

the maximum protection allowed by Federal Rule of Evidence 502(d).

     **18.**     **Modification.** The Court may modify this Order either on its own or at a party's request by motion filed under Local Rule 7.


So Ordered.

Dated:

                                             _____

                                           U.S. District Judge

                                           U.S. Magistrate Judge

                                           U.S. Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) No. <br> ) <br> ) <br> ) |
| Defendant. | ) |

**Acknowledgement and**
**Agreement to be Bound**

The undersigned hereby acknowledges that they have read the Confidentiality Order dated _____ in the above-captioned action, understands its terms, and agrees to be bound by them. The undersigned submits to the jurisdiction of the United States District Court for the District of Maine in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate them to use materials designated confidential in accordance with the Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived from them to any other person, firm, or entity.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business
Address: _____

_____

_____

Date: _____    Signature: _____